
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES ex rel. GREGORY DAVIDOV,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>NHIC CORPORATION, a corporation other, FKA National Heritage Insurance Company,<br><br>Defendant - Appellee. | No. 13-56462<br><br>D.C. No. 2:08-cv-03287-DSF-RZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted October 23, 2015[**]
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: PREGERSON and TROTT, Circuit Judges and STAFFORD,[***] Senior District Judge.

Gregory Davidov ("Davidov") appeals the district court's dismissal of his qui tam action against NHIC for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the district court's dismissal de novo and the district court's findings of fact for clear error, we affirm. *A-1 Ambulance Serv., Inc. v. California*, 202 F.3d 1238, 1242 (9th Cir. 2000).

The allegations in Davidov's qui tam complaint are nearly identical to the allegations in his 2004 suit against NHIC. KGV's 2004 complaint and Davidov's current qui tam complaint both allege that, starting in 2000, NHIC unlawfully paid billions of dollars to different providers for the same procedures. Both complaints maintain that, between April and August, 2003, NHIC stopped enforcing overutilization safeguards. NHIC's brief contains a chart of at least 15 instances where the text of KGV's 2004 complaint is identical or nearly identical to Davidov's current FAC. Since Davidov's qui tam allegations are nearly identical to his 2004 allegations, the district court properly found the prior public disclosure bar applies. *See* 31 U.S.C. § 3730(e)(4)(A)(I); *U.S. ex rel. Biddle v. Bd. of Trustees of Leland Stanford, Jr. Univ.*, 161 F.3d 533, 541 (9th Cir. 1998).

---

[***] The Honorable William H. Stafford, Jr., Senior District Judge for the U.S. District Court for the Northern District of Florida, sitting by designation.

Davidov cannot show direct and independent knowledge, because his allegations are based on statements made by NHIC employees. Therefore, he cannot satisfy the "original source" exception. *See* 31 U.S.C. § 3730(e)(4)(B); *United States v. Northrop Corp.*, 5 F.3d 407, 411 (9th Cir. 1993); *U.S. ex rel. Devlin v. State of Cal.*, 84 F.3d 358, 360 (9th Cir. 1996).

The district court did not abuse its discretion when it denied Davidov opportunity to amend his complaint. There is no evidence that an opportunity to amend would cure the defects in Davidov's complaint. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) *cert. denied*, 134 S. Ct. 1322 (2014).

**AFFIRMED.**